Filed 4/27/22  P. v. Martinez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092508 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F04828) |
| v. | |
| SALVADOR RAMON MARTINEZ, | |
| Defendant and Appellant. | |

Defendant Salvador Ramon Martinez appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  Defendant argues the trial court erred when it found him ineligible for relief because he was convicted on a theory of provocative act murder.  We disagree and affirm the order.

---

[1] Further undesignated statutory references are to the Penal Code.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

*Defendant's Conviction*

In 2015, a jury found defendant guilty of one count of second degree murder (§ 187, subd. (a)) and found true a firearm use allegation (§ 12022.53, subds. (b)-(d)). In our opinion on the direct appeal from defendant's conviction, we explained that defendant and his friends were at a hookah lounge when a "multi-shooter gun battle" occurred outside. (*People v. Martinez* (May 29, 2018, C081643) [nonpub. opn.] [p. 2] (*Martinez*).) The victim "was killed by a shot fired by codefendant Ta[n]a Dania. Defendant had been shooting at Dania, and Dania fired back at defendant. Dania wounded defendant and killed [the victim], an uninvolved bystander." (*Ibid.*)

We also described the theories the prosecution pursued at trial regarding defendant's participation in the murder. In the first theory, "defendant acted either with intent to kill (express malice) or conscious indifference to human life (implied malice), and his act was a substantial factor in [the victim's] death, which was the natural and probable consequence of defendant's actions." (*Martinez, supra*, C081643 [p. 7].) In the second theory, "[t]he prosecutor outlined the elements of the provocative acts theory consistent with the pattern instruction (CALCRIM No. 560), and described how the jury could find how the evidence satisfied those elements." (*Id.* [p. 4].) The provocative acts theory, we explained, " 'has traditionally been invoked in cases in which the perpetrator of the underlying crime instigates a gun battle, either by firing the first shot *or otherwise engaging in severe, life-threatening, and usually gun-wielding conduct*, and the police, or a victim of the underlying crime, responds with lethal force by shooting back and killing the perpetrator's accomplice or an innocent bystander.' [Citation.]" (*Id.* [p. 10].) We ultimately affirmed the conviction. (*Id.* [p. 17].)

2

*Senate Bill No. 1437*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1170.95 to the Penal Code. More recently, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill No. 775), which became effective on January 1, 2022, added various amendments to section 1170.95.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Section 1170.95, as amended, allows those "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . [to] file a

3

petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶]  (2) The petitioner was convicted of murder . . . following a trial . . . .  [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)

As relevant here, once a complete petition is filed, the court must consider the petition and associated briefing and "determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause."  (§ 1170.95, subd. (c).)

*Defendant's Petition for Resentencing*

In 2019, defendant, through retained counsel, filed a petition requesting resentencing under section 1170.95.  The petition declared that defendant had been convicted of murder based on the natural and probable consequences doctrine.  The declaration further stated the jury "returned no verdict and made no finding that would preclude petitioner from obtaining relief under [] section 1170.95" and defendant "could not be convicted of second-degree murder on a theory of natural and probable consequences because of change[s] to [] section[s] 188 and 189 made effective January 1, 2019."  The trial court set a briefing schedule and received briefing from both parties.

The trial court denied defendant's petition in a written order without holding a hearing.  In the order, the court explained:  "[D]efendant Martinez's jury received no instructions of any kind regarding aiding and abetting or felony murder, and instead was instructed with CALCRIM Nos. 520, 240, 560, and 562, on malice aforethought murder based on the provocative act doctrine, the substantial factor theory of causation, and

4

transferred intent. This is because the crime occurred when defendant Martinez began a shootout with his jointly-tried 'codefendant,' during which time the jointly-tried 'codefendant' fired the fatal shot that was meant for defendant Martinez but instead hit an innocent bystander. The instruction on the provocative act doctrine required the jury, in convicting for murder, to find that defendant Martinez intentionally did a provocative act, knew that act's natural and probable consequences were dangerous to human life, then acted with conscious disregard for life. The instruction also defined a provocative act as an act whose natural and probable consequences are dangerous to human life because there is a high probability that the act will provoke a deadly response. As such, the jury, in finding defendant Martinez guilty of second degree murder, necessarily found that defendant Martinez's provocative act of shooting at the jointly-tried 'codefendant' was a substantial factor in the killing, and that defendant Martinez had committed that provocative act while harboring implied malice, that is, conscious disregard for human life. [Section] 188, even in the wake of [Senate Bill No.] 1437, continues to require either express or implied malice for a conviction of murder."

Citing *People v. Lee* (2020) 49 Cal.App.5th 254, review granted July 15, 2020, S262459 (*Lee*), the court concluded "the provocative act doctrine does not appear to have been affected by [Senate Bill No.] 1437 as a viable theory of murder." Thus, because defendant had been convicted under a theory of murder that was still viable after the passage of Senate Bill No. 1437, defendant was ineligible for relief.

Defendant timely appealed. This case was fully briefed on April 22, 2021, and assigned to this panel on July 23, 2021. After the parties had waived oral argument, we vacated submission and ordered the parties to brief the application of Senate Bill No. 775 to this case. After numerous requests to continue, the supplemental briefing was completed on February 15, 2022.

## DISCUSSION

Defendant contends the trial court erred when it denied his section 1170.95 petition because he stated a prima facie case for eligibility. He agrees the prosecution in his case relied on a theory of provocative act murder to obtain his conviction, but argues that Senate Bill No. 1437 "invalidated the provocative act doctrine" because "[p]rovocative act murder is a form of natural and probable consequences liability," and thus he should be eligible for relief under section 1170.95. Defendant acknowledges the appellate court's contrary conclusion in *Lee*, but asserts (without any analysis of its reasoning) that it was incorrectly decided.

Following *Lee*, a number of other appellate courts have agreed that Senate Bill No. 1437 did not invalidate or otherwise eliminate the provocative act murder doctrine. (See, e.g., *People v. Mancilla* (2021) 67 Cal.App.5th 854 (*Mancilla*); *People v. Johnson* (2020) 57 Cal.App.5th 257; *People v. Swanson* (2020) 57 Cal.App.5th 604, review granted Feb. 17, 2021, S266262.) As of this writing, no appellate court has disagreed. We agree as well, as we next explain.

Murder requires the unlawful killing of a human being with either express or implied malice. (§§ 187, subd. (a), 188, subd. (a).) Before Senate Bill No. 1437, however, a defendant could be found guilty of murder without proof of malice under either the felony-murder rule or the natural and probable consequences doctrine. (*People v. Gonzalez* (2012) 54 Cal.4th 643, 654 (*Gonzalez*); *People v. Roldan* (2020) 56 Cal.App.5th 997, 1002.)

Under the felony-murder rule, a defendant could be convicted of murder when the defendant or an accomplice killed someone while committing or attempting to commit an inherently dangerous felony. (*People v. Powell* (2018) 5 Cal.5th 921, 942.) Before Senate Bill No. 1437, a conviction using the felony-murder rule did "not require an intent to kill, or even implied malice, but merely an intent to commit the underlying felony." (*Gonzalez, supra*, 54 Cal.4th at p. 654.)

6

Under the natural and probable consequences doctrine, "a defendant who aided and abetted a crime, the natural and probable consequence of which was murder, could be convicted not only of the target crime but also of the resulting murder. (*People v. Chiu* (2014) 59 Cal.4th 155, 161.) This was true irrespective of whether the defendant harbored malice aforethought. Liability was imposed ' "for the criminal harms [the defendant] . . . naturally, probably, and foreseeably put in motion." [Citations.]' " (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.)

As *Lee* and its progeny explain, "[u]nlike felony murder or murder under the natural and probable consequences doctrine, '[a] murder conviction under the provocative act doctrine . . . requires proof that the defendant personally harbored the mental state of malice, and either the defendant or an accomplice intentionally committed a provocative act that proximately caused' the death of another accomplice." (*Lee, supra,* 49 Cal.App.5th at p. 264, review granted; *People v. Johnson, supra*, 57 Cal.App.5th at pp. 266-268; *People v. Swanson, supra*, 57 Cal.App.5th at pp. 613-614, review granted.) "The provocative act murder doctrine has traditionally been invoked in cases in which the perpetrator of the underlying crime instigates a gun battle, either by firing first or by otherwise engaging in severe, life-threatening, and usually gun-wielding conduct, and the police, or a victim of the underlying crime, responds with privileged lethal force by shooting back and killing the perpetrator's accomplice or an innocent bystander." (*People v. Cervantes* (2001) 26 Cal.4th 860, 867.)

"Provocative act murder has both a physical and a mental element which the prosecution must prove beyond a reasonable doubt." (*People v. Mejia* (2012) 211 Cal.App.4th 586, 603.) The mental state is malice aforethought. (*Ibid.*) The physical element is the provocative act itself, defined as "an act, the natural and probable consequence of which is the use of deadly force by a third party." (*Ibid.*)

Defendant asserts provocative act murder is merely one kind of criminal liability under the natural and probable consequences doctrine, and that Senate Bill No. 1437 thus eliminated provocative act murder. The same argument "has been rejected by every court of appeal that has considered it." (*Mancilla, supra*, 67 Cal.App.5th 854 at p. 867.) As explained above, "a murder conviction under the provocative act doctrine requires proof the defendant 'personally harbored the mental state of malice.' " (*Ibid.*) "Thus, [the amended] section 188, subdivision (a)(3), which provides malice shall not be imputed to a person based solely on his or her participation in a crime, does not affect the theory of provocative act murder." (*Id.* at p. 868.)

Nor does the fact that the relevant jury instructions use the phrase "natural and probable consequences" mean that provocative act murder is merely a subset of the natural and probable consequences doctrine. "Consideration of the natural and probable consequence of the defendant's conduct in the context of provocative murder, as with any case of implied malice murder, relates to proximate cause—that is to the actus reus element of the crime, not the mens rea element that was the focus of Senate Bill [No.] 1437. [Citations.] '[I]n any provocative act case, [whereby] definition an intermediary's act killed the victim, an important question will be whether the defendant's conduct proximately caused the death. [Citation.] The court's analysis of proximate cause in terms of foreseeability of the natural and probable consequences of the defendant's malicious conduct does not somehow bring a provocative act killing within the malice-free natural and probable consequences doctrine.' " (*Mancilla, supra*, 67 Cal.App.5th 854 at p. 868, fn. omitted.)

Here, defendant's jury was not instructed on any theory of felony murder or the natural and probable consequences doctrine. Rather, the prosecution pursued a conviction using theories of express or implied malice murder, including provocative act

8

murder.  (*Martinez, supra*, C081643.)

Defendant contends that Senate Bill No. 775 expanded section 1170.95 to include "defendants prosecuted on imputed malice theories other than [natural and probable consequences] murder and felony murder," and that, as he was convicted of murder under a provocative act theory, he should now be eligible for relief.  As we have explained, however, provocative act murder where, like here, the accused committed the provocative act, is not an imputed malice theory that is based solely on a defendant's participation in a crime; it requires a defendant to personally harbor malice.  (*Mancilla, supra*, 67 Cal.App.5th at pp. 867-868; *Gonzalez, supra*, 54 Cal.4th at p. 655.)  Here, defendant himself fired the shots that resulted in the return fire that caused the death of the bystander.  Defendant was not charged with any crime other than murder, with a firearm use allegation, for his role in the gun battle.  Other than the provocative act of firing his gun, that led to the return fire and death, there was no separate crime to which the jury's finding of malice could attach.  Defendant's attempts to differentiate between the "actus reus" and "mens rea" elements of murder fail to persuade under the circumstances here.  Because the jury necessarily found that defendant *personally* harbored malice *at the time* he fired his gun, rather than *solely because* he fired his gun,  the theory of liability under which he was convicted was not affected by any changes made by Senate Bill Nos. 1437 or 775.  Defendant therefore cannot show that he "could not presently be convicted of murder . . . because of changes to Section 188 or 189," as required for relief under section 1170.95, subdivision (a)(3), and the trial court did not err when it denied his petition on those grounds.[2]

---

[2]  We similarly reject defendant's contention that his case should be remanded because, under the changes made by Senate Bill No. 775, the trial court is now required to conduct a hearing at the prima facie stage of review.  Because defendant is ineligible for relief as

9

## DISPOSITION

The trial court's order is affirmed.

/s/

Duarte, J.

We concur:

/s/

Robie, Acting P. J.

/s/

Mauro, J.

---

a matter of law, he would not benefit from the changes and remand would be an idle act. (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419-420; *People v. Coelho* (2001) 89 Cal.App.4th 861, 889 [rejecting remand "where doing so would be an idle act that exalts form over substance"].)